IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cr-092-MEF |
| | ) | (WO) |
| PATRICK ONEAL JACOBS | ) | |

# **O R D E R**

On September 29, 2008, the defendant filed an Unopposed Motion to Continue (Doc. #46). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the parties are exploring a settlement with investigative cooperation as a component. That component involves matters in multiple districts. Additional time will be needed for the parties to properly follow through on this aspect of settlement of this case. Counsel for the government does not oppose a continuance.

Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on September 29, 2008 is GRANTED;

2. That the trial of this case is continued from the October 20, 2008 trial term to the February 9, 2009 trial term in Montgomery, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the February 9, 2009 trial term.

DONE this the 1st day of October, 2008.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE